UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BREANNA HODAR, ) | CASE NO. 1:15CV72 |
| ) | |
| Plaintiff, ) | JUDGE JOHN R. ADAMS |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | GEORGE J. LIMBERT |
| CAROLYN W. COLVIN[1], ) | |
| ACTING COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | REPORT AND RECOMMENDATION |
| ) | |
| Defendant. ) | |

Before the Court is a Motion to Dismiss Plaintiff Breanna Hodar's ("Plaintiff") Complaint ("Motion to Dismiss"), submitted by Carolyn W. Colvin, Acting Commissioner of Social Security ("Defendant"). ECF Dkt. #10. Plaintiff challenges the final decision of Defendant, which denied Plaintiff the right to Child's Insurance Benefits. Defendant argues that this case should be dismissed because Plaintiff failed to file her complaint in a timely manner. ECF Dkt. #10. For the reasons set forth below, the undersigned recommends that the Defendant's motion be GRANTED.

## I.    **Procedural History and Facts**

Following the death of her step-father, Plaintiff applied for Child's Insurance Benefits under Title II of the Social Security Act, and was denied benefits by an Administrative Law Judge on May 17, 2013. ECF Dkt. #10-2 at 3. In a timely fashion, Plaintiff requested review of the decision by the Appeals Council. *Id.* The Appeals Council issued an unfavorable decision denying Plaintiff's request for review, and mailed a copy of that decision to Plaintiff at her home address, along with notice of the right to commence a civil action within sixty days from the date of receipt of the decision. *Id.* Plaintiff filed this civil action in the United States District Court for the Northern District of Ohio on January 13, 2015. *Id.* at 3-4. On April 1, 2015, Defendant filed a Motion to

---

[1]On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security, replacing Michael J. Astrue

Dismiss Plaintiff's case for failure to state a claim. ECF Dkt. #10. Plaintiff filed no response to this motion.

## **II.** **Standard of Review**

Defendant filed the Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), and in the alternative, seeks summary judgment under Fed. R. Civ. P. 56. ECF Dkt. #10 at 1. "If, on a motion under Rule 12(b)(6), matters outside the pleadings are presented to, and not excluded by, the court, the motion must be treated as one for summary judgment under Rule 56." *Caley v. Astrue*, No. 5:11-cv-1146, 2011 WL 5545906 at *2 (N.D. Ohio Oct. 27, 2011). The Court thus construes Defendant's Motion to Dismiss as a motion for summary judgment, as is the standard in the Northern District of Ohio.

According to Fed. R. Civ. P. 56(a), a party is entitled to judgment as a matter of law when there are no genuine issues of material fact. The moving party must either present sufficient evidence to prove that there is no genuine issue of material fact, or argue that the nonmoving party cannot "make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party must "set forth through competent and material evidence specific facts showing that there is a genuine issue for trial." *Caley*, 2011 WL 5545906 at *2 (citing *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995)). When determining if there is a genuine issue of material fact, a court must view the evidence in the light most favorable to the nonmoving party. *Pachla v. Saunders Sys., Inc.*, 899 F.2d 496, 498 (6th Cir. 1990).

## **III.** **Plaintiff's Claim is Time-Barred**

A plaintiff is permitted to seek additional review of the Commissioner's decision by filing a civil suit. 42 U.S.C. § 405(g) provides that:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Each plaintiff also receives a five-day grace period before the sixty-day limitation to file suit begins to run. This is to ensure that the sixty-day limitation begins to run once the plaintiff has actually

-2-

received the letter. The date of receipt is presumed to be five days after mailing, unless the plaintiff provides evidence to the contrary. 20 C.F.R. § 422.210(c). Applying the five-day grace period, Plaintiff should have received notice of her right to file suit by November 9, 2014. Because November 9, 2014 was a Sunday, it is assumed that Plaintiff received the notice of denial on Monday, November 10, 2014, and this is when the sixty-day period began to run. Accordingly, Plaintiff had until January 9, 2015 to file a civil suit for review of her case. However, Plaintiff's complaint was electronically filed on January 13, 2015 - four days after the filing deadline. ECF Dkt. #1. Furthermore, the representative of the Plaintiff signed and dated the complaint on January 11, 2015 - two days after the filing deadline. *Id*. at 1. The sixty-day limitation for seeking review of an adverse Social Security decision is "not jurisdictional but a period of limitations[...] 'consistent with congressional purpose behind the statute.'" *Day v. Shalala*, 23 F.3d 1052, 1058 (6th Cir. 1993) (quoting *Bowen v. City of New York*, 476 U.S. 467 (1986)).

Under Section 405(g) of the Social Security Act, the Commissioner of Social Security can choose to equitably toll the sixty-day filing period if a plaintiff shows good cause. The Sixth Circuit, in *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001), established five factors to consider when determining if equitable tolling is appropriate:

> 1. The petitioner's lack of [actual] notice of the filing requirement;
>
> 2. The petitioner's lack of constructive knowledge of the filing requirement;
>
> 3. Diligence in pursuing one's rights;
>
> 4. Absence of prejudice to the respondent; and
>
> 5. The petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

Plaintiff does not argue that she lacked notice of the filing requirements. Plaintiff received the letter from Defendant explaining the process by which to file for review, and this letter included the following:

> You have 60 days to file a civil action (ask for court review). The 60 days start the day after you receive this letter. We assume you received this letter five days after the date on it unless you show us that you did not receive it within the 5-day period.

ECF Dkt. #10-3 at 10. Plaintiff offered no argument that she received the letter more than five days past November 4, 2014, and therefore, it is assumed that she received the letter on or before November 10, 2014.

Furthermore, Plaintiff was not diligent in pursuing her rights. Plaintiff failed to file any response to Defendant's Motion to Dismiss, and failed to provide any showing of good cause as to why the sixty-day period should be tolled. The letter sent from Defendant to Plaintiff also provides that Plaintiff may request an extension of the filing time by sending a letter showing good cause to the Appeals Council. ECF Dkt. #10-3 at 10. Plaintiff provided no explanation for her failure to meet the deadline, and produced no evidence of a request for additional time to file. In *Cook v. Commissioner of Social Security*, 480 F.3d 432 (6th Cir. 2007), the Sixth Circuit held that a request for review of a Social Security decision that was filed one day late was unacceptable and should be denied. While one slightly late filing does not highly prejudice the Social Security Administration, the Sixth Circuit held that "there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system." *Id.* at 437. This case mirrors *Cook* - while Plaintiff only filed her claim four days late, the filing was still past the deadline and should be denied for lack of a showing of good cause for the delay. Plaintiff gave no explanation for her late filing, even after Defendant filed her Motion to Dismiss, and accordingly, equitable tolling does not apply.

### IV.    Conclusion

For the foregoing reasons, the undersigned recommends that Defendant's Motion to Dismiss be GRANTED.


DATE: June 15, 2015        */s/George J. Limbert*
                            GEORGE J. LIMBERT
                            UNITED STATES MAGISTRATE JUDGE