UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BREANNA HODAR, | ) | CASE NO. 1:15CV72-JRA |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| -vs- | ) | |
| | ) | MEMORANDUM OF OPINION |
| COMMISSIONER OF SOCIAL SECURITY, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

The Social Security Administration denied Plaintiff's application for Child's Insurance Benefits in the above-captioned case. Plaintiff sought review of the Commissioner's decision, and the case was referred to Magistrate Judge George Limbert for preparation of a report and recommendation ("R&R") pursuant to 28 U.S.C. §636 and Local Rule 72.2(b)(1). The Magistrate Judge submitted an R&R that recommends this Court dismiss the underlying matter as Plaintiff failed to file her complaint in a timely manner. Doc. 12. For the following reasons, the Court hereby ADOPTS the Magistrate Judge's findings and conclusions and DISMISSES the matter with prejudice.

The R&R adequately states the factual and procedural background of this case. Plaintiff has demonstrated no error in that background, so the Court will not reiterate those sections herein.

**I.    STANDARD OF REVIEW**

If a party files written objections to a magistrate judge's report and recommendation, a judge must perform a de novo review of "those portions of the report or specified proposed

1

findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## II. LAW AND ANALYSIS

### A. Legal Standard under Fed.R.Civ.P. 56

In this case, the Magistrate Judge construed the Commissioner's Motion to Dismiss as a motion for summary judgment pursuant to Fed.R.Civ.P. 56. A party seeking summary judgment must show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A fact is material if it is one that might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary burdens. *Id.* at 252. Further, the Court must view a summary judgment motion "in the light most favorable to the party opposing the motion." *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The pivotal question in deciding a motion for summary judgment is whether a reasonable fact finder *could* make a finding in favor of either party. *See Anderson* 477 U.S. at 250.

The initial burden of showing the absence of any "genuine issue" belongs to the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party. The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be resolved by a jury" or other fact-finder at trial. *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995). A party opposing summary judgment must show that there are facts genuinely in dispute, and must do so by citing to the record. Fed. R. Civ. P. 56(c)(1)(a).

### B. **Plaintiff's claim is time-barred.**

It is undisputed that Plaintiff filed her Complaint after the 60-day limitations period. The Plaintiff received an additional five-day grace period to accommodate mail service, but the Plaintiff still failed to timely file the underlying complaint. Plaintiff had until January 9, 2015 to file the underlying civil suit, but the complaint was not filed until January 13, 2015 – four days after the filing deadline. Doc. 1.

Plaintiff argues that she received notice of the adverse decision from Social Security through her attorney, who informed her of the 60–day limitations period. However, Plaintiff believed the 60 days began to run from the date of her lawyer's letter. Doc. 13. However, Social Security mailed a copy of that decision to Plaintiff at her home address, along with the notice of the right to commence a civil action within 60 days from the date of receipt of the decision. Doc. 10-2 at 3. Since Plaintiff received a copy of the decision directly at her home, with notice of the limitations period for commencing a civil action, Plaintiff's arguable misunderstanding of her lawyer's letter does not merit equitable tolling of the limitations period.

Furthermore, not only was Plaintiff untimely, but she was not diligent in pursuing her rights. Plaintiff failed to file any response to the Commissioner's Motion to Dismiss and likewise failed to provide any showing of good cause as to why the 60-day period should be tolled. The letter sent from the Commissioner to the Plaintiff also provides Plaintiff with an opportunity to request an extension of the filing time by sending a letter showing good cause to the Appeals Council. Doc. 10-3 at 10. Plaintiff simply did not respond or provide an explanation for her failure to meet the deadline and produced no evidence of a request for additional time to file. *See Cook v. Commissioner of Social Security*, 480 F.3d 432 (6th Cir. 2007) (Sixth Circuit held that a request for review of a Social Security decision that was filed

3

one day late was unacceptable and should be denied). Continuing the pattern of not responding, Plaintiff's initial response to this case was through her objections to the Magistrate Judge's R&R.

Given all of this, Plaintiff failed to timely pursue her rights before the Appeals Council, failed to timely file the underlying civil action, and failed to respond to the underlying Motion to Dismiss. Plaintiff is barred by the limitations period, and there is no genuine issue of material fact as to Plaintiff's failure to diligently pursue her rights. Therefore, there is no genuine issue of material fact that Plaintiff is not entitled to equitable tolling of the limitations period.

### III. CONCLUSION

Based upon the reasons stated herein, no genuine issues of material fact exist in this case. Plaintiff's objections are OVERRULED. The Court ADOPTS Magistrate Judge Limbert's R&R. Doc. 12. The underlying Complaint is DISMISSED.

IT IS SO ORDERED.

DATE: September 24, 2015  /s/ John R. Adams_____
Judge John R. Adams
UNITED STATES DISTRICT COURT